Albert Loveless, Plaintiff-Appellant, v. American Telephone and Telegraph Company, Defendant-Appellee.

Gen. No. 10,441.

Third District.

April 11, 1963.

Paul C. Verticchio, of Gillespie, for appellant.

Hebron & O'Connell, of Carlinville, for appellee.

REYNOLDS, J.

This is a suit for personal injuries sustained by the plaintiff in a fall from a scaffold or platform. The facts are not in dispute.

Albert Loveless was employed as a carpenter by Henger Construction Company working on the erection

and construction of a building for the defendant owner American Telephone and Telegraph Company. Loveless sustained his injuries in the course of his employment. Henger Construction Company was the contractor, doing the erection and construction work under a written contract, with plans and specifications for the work. By the terms of the contract, it was provided that the contractor would have full control and direction over the mode and manner of doing the work; that all work was to be done at the risk of the contractor and that during progress the contractor should take all precautions for its proper and safe performance. The contractor was to perform all work in accordance with the best practice of the trade and comply with all applicable statutory and municipal requirements. The owner had the right to inspect all work done and materials furnished under the contract and could condemn or reject any or all work or materials if, in the opinion of an inspector or engineer of the owner, the same was not in accordance with the drawings and specifications. There was the usual clause that the contractor would indemnify and save harmless the owner against claims for injury, death or damage, that might arise out of the performance of the work.

The contractor, William C. Henger, his foreman Clyde Green, and John C. Baxter, supervising engineer for American Telephone and Telegraph Company, testified that the contractor had sole charge of the construction and the owner's engineers or inspectors had no control of or supervision over the method or means of construction.

The scaffolding or platform from which the plaintiff fell was erected in one day and in the absence of any owner representative. Unquestionably, the construction was in violation of the Illinois Structural Work Act, Chapter 48, Secs 60–69, Ill Rev Stats. The plain-

tiff stepped on a board which was not secure, the board tipped and he fell.

The cause was tried before a jury and the jury returned a verdict for the plaintiff awarding damages of $3200. On motion by the defendant, the court entered a judgment notwithstanding the verdict with a conditional order directing and granting a new trial in the event the Appellate Court entered an order adverse to the judgment n. o. v. for the defendant. The plaintiff appeals.

■ The plaintiff was not an employee of the defendant and any liability on the part of the defendant must rest upon the theory that the defendant owner had charge of the work. Since the only evidence as to whether the owner had charge of the work was by William C. Henger, the contractor, Clyde Green, his foreman and John C. Baxter, supervising engineer for the defendant, and that evidence was to the effect that the owner had no supervision or control of the work, the case for the plaintiff must rest upon the effect of Article 12 of the contract which provided that "the contractor shall perform all work in accordance with the best practice of the trade and shall comply with all applicable statutory and municipal requirements," or Clause 13, the indemnifying clause. It was conceded by the contractor, Henger that, if an inspector or engineer of the owner saw or observed a violation of statutory requirements he could, through proper channels, have the job closed until the statutory requirements were met. But Mr. Henger also testified that if a representative of the owner had observed a scaffold which he believed was not being constructed properly or he had any question about, he could discuss the matter with the superintendent of the contractor. He did not have any authority over the men of the contractor to change the way they were building it.

349

Both the plaintiff and defendant cite Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE 2d 785. The material facts in that case, as the material facts in this case, were not in dispute. The controversy there as here, was over the proper construction of the Structural Work Act, commonly called the Scaffold Act, and whether the facts sustain a cause of action thereunder. The case there presented and the case here presents essentially a question of law.

Since the enactment of the Scaffold Act in 1907, our courts have placed various interpretations of the scope of the language in the Act, some holding the owner not liable in certain circumstances, others holding that because of the danger involved in scaffold work, that the liability imposed by the Act was an absolute, independent and nondelegable duty of compliance on the owner. Taber v. Defenbaugh, 9 Ill App2d 169, 132 NE 2d 454; Kennerly v. Shell Oil Co., 13 Ill2d 431, 150 NE2d 134. The Appellate Court in the Taber v. Defenbaugh case held that an essential element was lacking, namely that the defendant was actually in charge of construction. The Kennerly v. Shell Oil Co. case, after noting that the Act deals with highly dangerous activities, held that the legislature intended to fix an independent, nondelegable duty of compliance upon the owner of the property. In interpreting the Kennerly case, a Federal Court stated that the case construed the word "or" in the act to be "and," and that the case imposed liability on the owner and all other designated persons. Bounougias v. Republic Steel Corp., 277 F2d 726.

In the Gannon case, the court noted from a review of the cases involving the owner's civil liability under the Scaffold Act, it is evident that there has been no unanimity either on the meaning of the Act or on the scope of the decisions construing it. And the Court further commenting on the Kennerly case stated that it was not until that case that the Supreme Court

350

squarely and unequivocally interpreted an owner's civil liability under the Scaffold Act.

Many of the facts in the Gannon case are similar to the facts here. There were engineering and architectural plans for the work. There were frequent inspections of the work by the defendant railroad. The injury there as here, was the result of some violation of the Act. But the court in that case held that before civil liability could be imposed upon the defendant owner, it must appear that the owner had charge of the construction work involving the violation. This language of the Gannon case reverses the decision in the Kennerly case, and makes the owner liable only if the owner had charge of the work involving the violation of the Act.

In this case there is no evidence of any kind that the American Telephone and Telegraph Company at any time had charge of the construction involving the violation of the Scaffold Act. The mere fact that the defendant might, through notice or otherwise, call attention to and correct a violation of the law, does not, of itself, involve any degree of control or supervision. Considering the evidence in its most favorable light, giving the plaintiff the benefit of its most reasonable intendments, there is a total lack of evidence that the defendant owner had charge or supervision of the work involving violation of the Act. The judgment of the trial court for the defendant, notwithstanding the verdict of the jury, was correct and will be affirmed.

Affirmed.

CARROLL and ROETH, JJ., concur.