1985

Ron W. FALKOSKY, Mary Falkosky, and Scott Falkosky, Respondents v. ALLSTATE INSURANCE COMPANY, Appellant v. Martha G. Best, Burrell G. Best, Gardner-Smith Associates, and Grace Retail Corporation, Respondents.

(429 S.E. (2d) 194)

Court of Appeals

*Edward W. Laney, IV,* of *Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*George R. McElveen, III, Robert C. Brown, Michael A. Pulliam,* and *Ronald E. Alexander,* Columbia, *for respondents.*

GOOLSBY, Judge:

Martha G. Best as guardian ad litem for Burrell G. Best, a minor, sued Ronald W. Falkosky, Mary Falkosky, and Scott Falkosky for injuries Burrell allegedly received in a motorcy-

cle accident. The Falkoskys brought this action for declaratory judgment to determine whether Allstate Insurance Company owed them a duty to defend under their homeowners' policy. The circuit court held Allstate did so. Allstate appeals. We reverse.

## FACTS

Burrell allegedly sustained serious personal injuries as a result of an accident that occured while he was riding an off-road, recreational-type motorcycle on a vacant lot near the Falkoskys' home. Gardner-Smith Associates allegedly owned the lot and leased it to Grace Retail Corporation. The Falkoskys allegedly owned the motorcycle. A homeowners' policy issued by Allstate insured the Falkoskys' premises.

The complaint in the Best action alleges, among other things, the Falkoskys "were negligent, willful, wanton, reckless, and grossly negligent in the following particulars":

a. In failing to keep the motorcycle maintained properly;
b. In failing to have the accelerator and throttle working properly;
c. In failing to have the brakes working properly;
d. In failing to warn about the hidden danger caused by the motorcycle's brakes and accelerator and throttle not working properly;
e. In failing to warn a minor rider of the dangers and risks of riding motorcycles;
f. In allowing a minor to ride the motorcycle without proper training or adult supervision;
g. In allowing a minor to ride the motorcycle on the motorcycle racetrack with ramps and obstacles;
h. In providing a minor who had never ridden a motorcycle their unsafe and/or defective motorcycle to ride;
i. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

The Falkoskys brought this action against Allstate after Allstate refused to defend the Best action.

## DISCUSSION

Section II of the policy in question contains the following exclusion:

Losses We Do Not Cover:

\* \* \* \* \*

6. We do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading, or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:

\* \* \* \* \*

b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**. . . .

Where there is no ambiguity, the terms of an insurance policy must be interpreted and enforced according to their plain, ordinary, and popular meaning. *South Carolina Ins. Co. v. White*, 301 S.C. 133, 390 S.E. (2d) 471 (Ct. App. 1990); *Braswell v. Faircloth*, 300 S.C. 338, 387 S.E. (2d) 707 (Ct. App. 1989). Ambiguity may not be created in an insurance policy by singling out a sentence or a clause. *Braswell*, 300 S.C. at 342, 387 S.E. (2d) at 709. Also, courts may not torture the ordinary meaning of language to extend coverage expressly excluded by the terms of a policy. *McPherson v. Michigan Mut. Ins. Co.*, — S.C. —, 412 S.E. (2d) 445 (Ct. App. 1991).

According to the plain meaning of the policy language in issue here, the exclusion clearly excludes coverage for injuries arising out of, among other things, the maintenance, use, or entrusting of "any motorized land vehicle." A motorcycle, obviously, is a "motorized land vehicle" within the meaning of the policy and, as noted above, the one here was an off-road, recreational-type motorcycle.

Burrell's injuries allegedly arose out of activities that involved the maintenance, use, or entrusting of the motorcycle,

activities that fall squarely within the terms of the policy exclusion. Further, the motorcycle was a vehicle "owned by the insured person," *i.e.*, the Falkoskys, and it "[was] being used away from [the] insured premises" when Burrell's injuries occurred, thus triggering the exception to the exception prescribed by section II, paragraph 6 b) of the policy. *Allstate Ins. Co. v. Goldwater*, 415 N.W. (2d) 2 (Mich. App. 1987); *Allstate Ins. Co. v. Shofner*, 573 So. (2d) 47 (Fla. Dist. Ct. App. 1990).

But our inquiry does not end here. In South Carolina, an insurer must show a casual connection between a loss and an exclusion before the exclusion will be deemed to exclude coverage. *South Carolina Ins. Guaranty Ass'n v. Broach*, 291 S.C. 349, 353, S.E. (2d) 450 (1987).

Here, a casual connection exists between Burrell's injuries and the exclusion. His injuries allegedly occured while he was using a motorized land vehicle. *See McPherson*, — S.C. at —, 412 S.E. (2d) at 448 (wherein the court held the injury must be entirely disconnected with the ownership, operation, or use of an automobile to fall outside a policy exclusion that excluded coverage for injuries arising out of the ownership, operation, or use of an automobile).

We therefore hold Allstate had no duty to defend the Best action. *See Engineered Products, Inc. v. Aetna Casualty & Surety Co.*, 295 S.C. 375, 368 S.E. (2d) 674 (Ct. App. 1988) (an insurer has no duty to defend where a liability is excluded from coverage).

Reversed.

GARDNER and CURETON, JJ., concur.