## CIRCUIT COURT OF FAIRFAX COUNTY

American Fire & Cas. Ins. Co.

v.

Montee A. Doverspike et al.

April 25, 1995

Case No. (Chancery) 129397

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Bill of Complaint for Declaratory Judgment filed on behalf of American Fire and Casualty Insurance Company. American Fire insured defendants Montee A. Doverspike, Charlene Doverspike, and Dover Homes, who performed renovation work on a home owned by defendants Joseph W. Hooks and Robert J. Kabel. Hooks and Kabel made certain claims against the Doverspikes arising out of alleged non-performance of the contract. The Doverspikes made a claim against American Fire for coverage of the Hooks and Kabel claim and eventually assigned to Hooks and Kabel any and all rights against American Fire under the policy. American Fire, which issued a reservation of rights letter and ultimately a denial of coverage to the Doverspikes, brought this action to have this Court determine whether or not coverage exists. The Court heard evidence in this matter on April 19, 1995, and took the matter under advisement to review the insurance policy and trial exhibits. For the reasons stated below, the relief sought by the Bill of Complaint for Declaratory Judgment is granted.

The Court finds as a matter of fact and law that the underlying claims by Hooks and Kabel against the Doverspikes are not covered under the insurance policy. The underlying claims are that the Doverspikes violated a regulation of the District of Columbia requiring home improvement contractors to be licensed, made fraudulent misrepresentations to Hooks and Kabel regarding financial matters and the Doverspikes' ability to perform the contract, and breached the terms of the contract by work that was substandard, late, or non-existent.

The insurance policy issued by American Fire obligates it to:

> pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for . . . . This insurance applies only to "bodily injury" and "property damage" which occurs during the policy period. The "bodily injury" or "property damage" must be caused by an "occurrence."

Insurance Policy, Section I, Coverage A, Paragraph 1(a). An occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Insurance Policy, Section V, Paragraph 9. Defendants argue that the poor performance by the Doverspikes on the renovation contract amounts to an accident because the Doverspikes did not intend such poor performance. Clearly that argument fails. The insurance policy issued to the Doverspikes is a general liability policy covering accidents causing bodily injury or property damage. It is not a performance bond. It does not cover poor workmanship. It does not provide coverage for the types of claims made by Hooks and Kabel against the Doverspikes.

This clear reading of the insurance policy is further supported by certain exclusions relied upon by American Fire in denying coverage. For example, the insurance issued does not apply to "[p]roperty damage to . . . [t]hat particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations if the 'property damage' arises out of those operations . . . ." Insurance Policy, Section I, Coverage A, Paragraph 2(j). A variety of other exclusions in the policy also apply to disallow coverage for one or all of the underlying claims.

The Court also finds as a matter of law and fact, based upon certain Requests for Admissions not timely answered by the Doverspikes and hence admitted at trial, and not withstanding Charlene Doverspike's trial testimony, that the Doverspikes failed to provide notice as required under Section IV, Paragraphs 2(b) and (c) (1), of the policy.