**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BEACHWALK HOMEOWNERS
ASSOCIATION,

*Plaintiff-Appellant,*

v.

GENERAL STAR INDEMNITY COMPANY,

*Defendant-Appellee,*

and

GENERAL STAR MANAGEMENT
COMPANY,

*Defendant.*

No. 02-2193

BEACHWALK HOMEOWNERS
ASSOCIATION,

*Plaintiff-Appellee,*

v.

GENERAL STAR INDEMNITY COMPANY,

*Defendant-Appellant,*

and

GENERAL STAR MANAGEMENT
COMPANY,

*Defendant.*

No. 02-2294

Appeals from the United States District Court
for the District of South Carolina, at Beaufort.
Patrick Michael Duffy, District Judge.
(CA-01-3130-9-23)

Argued: June 3, 2003

Decided: September 3, 2003

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Michael S. Seekings, MULLEN, WYLIE & SEEKINGS, L.L.C., Charleston, South Carolina, for Appellant. C. Michael Johnson, FELLOWS, JOHNSON & LA BRIOLA, L.L.P., Atlanta, Georgia, for Appellee. **ON BRIEF:** Laurie E. Dugoniths, FELLOWS, JOHNSON & LA BRIOLA, L.L.P., Atlanta, Georgia; William C. Cleveland, Mark A. Crawford, BUIST, MOORE, SMYTHE & MCGEE, P.A., Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Plaintiff Beachwalk Homeowners Association appeals from the judgment of the district court granting summary judgment to defendants General Star Indemnity Company and General Star Management Company[1] on the ground that the type of property damage claimed by the plaintiff was excluded under its insurance policy. In its complaint, the plaintiff asserted claims for breach of contract and bad faith refusal to settle, as well as a demand for declaratory judgment in favor of coverage. The district court granted summary judgment as to all claims in favor of the defendants. On appeal, the

---

[1]General Star Management Company is not a party to this appeal.

plaintiff asserts that the district court erred in granting summary judgment because the damaged building for which the claim was filed was in a state of imminent collapse as the result of defective methods of construction, which is alleged to be a covered risk under the terms of the policy. The defendants filed a cross-appeal asserting that the district court erred in not granting summary judgment on the additional grounds raised in their motion. For the following reasons, we affirm the judgment of the district court. Expressing no opinion on the same, we dismiss the cross-appeal as moot.

On June 27, 1997, the defendants issued a Commercial Insurance Policy, No. IAG-351172, to the plaintiff, which provided coverage for a variety of risks for the 16 buildings that comprise Beachwalk Villas condominium development which is more than 25 years old. Around November or December of 1998, an employee of the plaintiff's property management company, Allied Management, was notified of structural problems with Building Ten, which is comprised of condominium units 163-169. The structural problems included cracking of the walls and ceilings, sloping of the floors and countertops, and misalignment of the doors.

Allied Management consulted various architects and engineers to determine the cause of the damage to the building. They discovered that a portion of the building was built over a construction debris pit, which was causing settlement of the foundation of four to six inches at a corner of the building. The district judge correctly found the cause of the loss as follows:

> It was determined then, and is uncontested, that the damages to Building Ten were caused by long-term settlement, which in turn was caused by Building Ten having been built over a construction debris pit.

The plaintiff then installed helical piers below the building. The piers were designed to retard the continuing settlement and to stop the building from collapsing as a result of underlying decay. The plaintiff also repaired the damage done to the interior of the building. The total cost that the plaintiff spent on these repairs was $89,789.

In December of 1999, the plaintiff submitted a claim with its insurance agent, Coastal Plains Insurance Company. The plaintiff for-

warded all of the invoices for repairs to Building Ten to Coastal Plains which then forwarded notice of the claim to its broker, who forwarded it to the defendants in June of 2000.

On July 26, 2000, the defendants notified the plaintiff in a letter that they were denying the claim on the following grounds:

> [N]o coverage is afforded for the damages claimed, as foundations are not considered covered property under the Building and Personal Property Coverage form. In addition, the policy also specifically excludes damages which are the result of earth movement, decay or deterioration, settlement or faulty or inadequate construction or siting.

The plaintiff then filed this action in the South Carolina Court of Common Pleas, which was removed to the district court on the basis of diversity of citizenship, seeking its damages under the insurance policy.

Following discovery, the district court granted the defendant's motion for summary judgment. We affirm.

Summary judgment is appropriate when the "pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). There is no genuine issue for trial if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The issue we are reviewing involves the interpretation of an insurance contract, which is subject to the law of South Carolina. Under South Carolina law, insurance policies are subject to general rules of contract construction. See *Fritz-Pontiac-Cadillac-Buick v. Goforth*, 440 S.E.2d 367, 369 (S.C. 1994). "The [c]ourt must give policy language its plain, ordinary, and popular meaning." *Century Indem. Co. v. Golden Hills Builders, Inc.*, 561 S.E.2d 355, 358 (S.C. 2002).

The plaintiff claims as a covered cause of loss that described in the policy as: "D. ADDITIONAL COVERAGE - COLLAPSE." Part D.1 of the policy provides:

> We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building insured under this Coverage Form, if the collapse is caused by one or more of the following: (a) The "specified cause of loss" or breakage of building glass . . . (b) Hidden decay; (c) Hidden insect or vermin damage; (d) Weight of people or personal property; (e) Weight of rain that collects on a roof; (f) Use of defective material or methods in construction . . . if the collapse occurs during the course of the construction . . . . However, if the collapse occurs after construction . . . is complete and is caused in part by a cause of loss listed [above], we will pay for the loss or damage even if the use of defective material or methods, in construction . . . contributes to the collapse.

The COLLAPSE coverage, Part D.4, also provides that:

> [c]ollapse does not include settling, cracking, shrinkage, bulging or expansion.

And a policy EXCLUSION to the covered causes of loss is Part B.2.d.(4) which is that:

> We will not pay for loss or damage caused by or resulting from any of the following: . . . d.1(4) settling, cracking, shrinking or expansion . . . [unless the loss results from] a "specified cause of loss"

which is defined in the policy separately but is not applicable here.[2]

---

[2]A "specified cause of loss" under Part F of the policy is fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotions; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage. And sinkhole collapse means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite.

The parties are not in agreement as to the meaning of the word collapse as used in the policy. The plaintiff takes the view that imminent collapse is sufficient, and the insurance company takes the view that the collapse must have happened. We need not, and do not, decide that question. For the purposes of this opinion, we will assume that imminent, or near, or ultimate, collapse, as appears in this record, is sufficient.

The building construction was completed years ago, so one of the itemized causes of loss in Part D.1.a-e must be a contributing cause if use of a defective method of construction contributed to a collapse. The only one of those itemized causes which might be applicable is b., hidden decay. The argument goes that any decay in the materials in the trash pit may have contributed to the cause of the loss. The district court, however, construed decay to refer to decay that exists in the covered property, not in the land beneath the covered property. It reasoned that the policy defines covered property in Part A. COVERAGE, which includes the buildings, and provides that the term does not include "land including land on which the property is located." Part A.2.h. We are of opinion the district court was correct.[3]

Thus, the specific provision in Part D.4, that "collapse does not include settling" and the similar exclusion in Part B.2.d.(4), that the policy would not "pay for loss or damage caused by . . . settling," govern here. The meaning of the language is clear. The loss having been caused by long-term settlement, recovery under the policy is precluded.

Our application of an exclusion in an insurance policy is consistent with South Carolina law. See *Falkosky v. Allstate Insurance Company*, 429 S.E.2d 194 (S.C. Ct. App. 1993); *Laidlaw Environmental*

---

[3]"Covered Property," as defined in the policy, includes coverage for "Building, meaning the building or structure described in the Declarations . . . ." Condominium Ass'n Coverage Form, ¶ A(1)(a). The policy specifies, however, that property not covered is: (1) "Foundations of buildings, structures . . . if their foundations are below . . . the lowest basement floor; or . . . the surface of the ground . . ."; and (2) "Land (including land on which the property is located) . . . ." ¶¶ A(2)(g) & (h).

*Services (TOC) Inc. v. Aetna Cas. & Sur. Co. of Ill.*, 524 S.E.2d 847, 849-50 (S.C. Ct. App. 1999).

The judgment of the district court is accordingly

*AFFIRMED*.