**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1536**

---

TRAVELERS INDEMNITY COMPANY OF AMERICA,

Plaintiff - Appellant,

versus

MILLER BUILDING CORPORATION; WAL-MART STORES,
INCORPORATED,

Defendants - Appellees,

and

I.B. VENTURES, LLC; PENNSYLVANIA
MANUFACTURERS' ASSOCIATION INSURANCE COMPANY,

Defendants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, District
Judge.  (CA-03-441-3)

---

Submitted:  May 19, 2005              Decided:  July 20, 2005

---

Before TRAXLER and DUNCAN, Circuit Judges, and Eugene E. SILER,
Jr., Senior Circuit Judge of the United States Court of Appeals for
the Sixth Circuit, sitting by designation.

---

Reversed and remanded by unpublished opinion.  Senior Judge Siler
wrote the opinion, in which Judge Traxler and Judge Duncan joined.

---

Lee H. Ogburn, Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

SILER, Senior Circuit Judge:

The Travelers Indemnity Company of America appeals the district court's determination that it is obligated to indemnify Miller Building Corporation for alleged damages of Wal-Mart Stores, Inc. Because the allegedly defective performance of Miller's subcontractor was not an "occurrence," and because a policy's subcontractor exception to an exclusion does not grant or extend coverage, the district court's grant of summary judgment on this issue is reversed and the case remanded for further proceedings consistent with this opinion.

BACKGROUND

Miller, a general contractor, obtained commercial general liability ("CGL") policies from Travelers. These CGL policies obligate Travelers to indemnify Miller for bodily injury or property damage caused by an "occurrence." An "occurrence" is defined by the policies to be "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policies contained various exclusions, including a "your work" exclusion that limits coverage for property damage to the insured's work. "This ["your work"] exclusion does not apply [however] if the damaged work or the work out of which the damage arises was performed on [the insured's] behalf by a subcontractor."

3

Wal-Mart and I.B. Ventures, LLC hired Miller to complete site development work on two adjacent pieces of property in Chesterfield County, Virginia.  Wal-Mart also hired Miller to build a Wal-Mart store on one of the lots.  Miller used a subcontractor to complete the site development work; however, this subcontractor allegedly selected and used defective fill material.  The allegedly defective fill material expanded, resulting in damage to buildings on both properties, including the store that Miller built for Wal-Mart.

Wal-Mart and I.B. Ventures sued Miller in state court for property damages.  Travelers subsequently sought a declaratory judgment in federal court to determine coverage under the CGL policies.  The district court granted summary judgment in favor of Wal-Mart and I.B. Ventures.  In this appeal, Travelers contests only the district court's determination that it is required to indemnify Miller for Wal-Mart's damages.


ANALYSIS

The district court's grant of summary judgment is reviewed de novo.  Monumental Paving & Excavating, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co., 176 F.3d 794, 797 (4th Cir. 1999).  This court also reviews de novo the district court's contract interpretation. Seabulk Offshore Ltd. v. American Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004).  "The interpretation of a written contract is a question of law that turns upon a reading of the document itself,

4

and a district court is in no better position than an appellate court to decide such an issue." Id. at 418.

The district court applied Virginia law and the parties do not contest that issue on appeal. Although the Supreme Court of Virginia does not appear to have considered whether a contractor's deficient performance can constitute an "occurrence," the U.S. District Court for the Western District of Virginia recently predicted how the Virginia Supreme Court would decide the issue. See Hotel Roanoke Conference Ctr. Comm'n v. Cincinnati Ins. Co., 303 F. Supp. 2d. 784, 786 (W.D. Va. 2004). It followed American Fire & Casualty Insurance Co. v. Doverspike, 36 Va. Cir. 263, 1995 WL 1055839 (1995), in deciding that poor performance on a renovation contract could not be considered an accident or occurrence, and concluded that "[t]he insurance policy issued to the [contractors] is a general liability policy covering accidents causing bodily injury or property damage. It is not a performance bond. It does not cover poor workmanship." Hotel Roanoke, 303 F. Supp. 2d. at 786-87 (quoting American Fire & Cas. Ins. Co., 36 Va. Cir. at 264, 1995 WL 1055839).* The Hotel Roanoke court additionally noted that "a wealth of case law from other states [also] supports the conclusion that damages resulting from the

---

*Similarly, the Virginia Circuit Court of Fairfax County determined that "defective workmanship cannot constitute a covered 'occurrence' . . . , as faulty workmanship by the insured is almost always foreseeable." Pulte Home Corp. v. Fid. & Guar. Ins. Co., No. 210454, 2004 WL 516216, *5 (Va. Cir. Ct. Feb. 6, 2004).

5

insured's defective performance of a contract and limited to the insured's work or product is not covered by a commercial general liability policy because it is 'expected' from the standpoint of the insured." Hotel Roanoke, 303 F. Supp. 2d at 787. The damage to the Wal-Mart store allegedly was a result of Miller's subcontractor's defective performance. As a result, such damage is not considered to be "unexpected," or caused by an "occurrence."

Wal-Mart did not file an appellate brief. It settled and is not a party in this appeal. In its memorandum in support of its motion for summary judgment, however, its arguments for coverage for its damages were based not upon the existence of an "occurrence," but upon the subcontractor exception to the "your work" exclusion. Travelers does not dispute that the subcontractor exception would prevent denial of coverage under the "your work" exclusion if the damage to the Wal-Mart store were considered to be property damage caused by an "occurrence." It does dispute, however, the district court's apparent determination that coverage would be created by the subcontractor exception and would exist even absent an "occurrence."

In support of its determination that the subcontractor exception provided coverage, the district court cited, inter alia, L-J, Inc. v. Bituminous Fire & Maine Ins. Co., 567 S.E.2d 489, 494 (S.C. Ct. App. 2002), rev'd, ___ S.E.2d ___, 2004 WL 1775571 (S.C. Aug. 9, 2004)). In reversing, the Supreme Court of South Carolina

6

determined that there had been no "occurrence," so there was no need to consider the "your work" exclusion and subcontractor exception. Id. at *4. It continued its discussion, however, "to reverse the court of appeals' determination that an exception to an exclusion 'restores' coverage." Id. Because South Carolina law provided that "an exclusion does not provide coverage but limits coverage," the court determined that the lower court had erred in stating that an exception to an exclusion "restore[d]" coverage. Id. at *5 (quoting Engineered Prods., Inc. v. Aetna Cas. & Sur. Co., 368 S.E.2d 674, 675-76 (S.C. Ct. App. 1988)). The subcontractor exception merely rendered the "your work" exclusion inapplicable; it did not itself provide coverage. Id. at *4-5. We find this holding to be consistent with Virginia law. See Nationwide Mut. Ins. Co. v. Wenger, 222 Va. 263, 267, 287 S.E.2d 874, 876 (1981) (quoting Haugan v. Home Indem. Co., 86 S.D. 406, 413, 197 N.W.2d 18, 22 (1972) ("Exclusion (a) does not extend or grant coverage. To the contrary it is a limitation or restriction on the insuring clause."); see also RML Corp. v. Assurance Co. of Am., No. CH02-127 (Va. Cir. Ct. Dec. 31, 2002) (citing Wenger, 222 Va. at 267, 287 S.E.2d at 876) ("[E]xclusions do not extend or grant coverage. . . . The Court rejects [the] argument that language excepting subcontractor's work from [an] exclusion . . .

extends coverage under the CGL policy to all repairs of subcontractors' defective workmanship.").

Because the damage to the Wal-Mart store was not unexpected and, therefore, not an "occurrence," and because an exception to an exclusion does not grant or extend coverage, Travelers is not required under this policy to indemnify Miller for Wal-Mart's damages.

REVERSED AND REMANDED

8