SHEDD, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court erred in not finding an occurrence in this instance based on the definition of “accident.” Nevertheless, I would not reach the question of whether there is coverage in this case in the first instance. The Supreme Court of Virginia has never determined whether there is coverage for damage that a subcontractor’s defective work causes to a general contractor’s otherwise nondefective work under the general contractor’s commercial general liability insurance policy. Unlike the majority, I would not adopt French v. Assurance *615 Company of America, 448 F.3d 693 (4th Cir.2006). French is based on Maryland law, and in French, we were expressly persuaded by the Maryland state law case of Lerner Corp. v. Assurance Co. of Am., 120 Md.App. 525, 707 A.2d 906 (1998). See French, 448 F.3d at 705. Here, however, we are deciding Virginia law. Compare French with Travelers Indemnity Co. of America v. Miller Building Corp., 142 Fed.Appx. 147, 149 (4th Cir.2005) (applying Virginia law, we noted that “damages resulting from the insured’s defective performance of a contract and limited to the insured’s work or product [are] not covered” by a CGL policy).
This is a difficult and important area of the law. Thus, I would certify this issue to the Supreme Court of Virginia to determine whether there is coverage in light of the “your work” exclusion and subcontractor exception. Therefore, I respectfully concur in part and dissent in part from the judgment of the majority.