533 S.E.2d 339

**Kathy W. PADGETT, Appellant,**

v.

**Frank MERCADO and Viviana Mercado, Respondents.**

**No. 3188.**

Court of Appeals of South Carolina.

Heard May 11, 2000.

Decided June 12, 2000.

230

Jarrel L. Wigger, of Davidson & Bennett, of N. Charleston, for appellant.

Ladson F. Howell, Jr., of Sinkler & Boyd, of Charleston, for respondents.

GOOLSBY, Judge:

Kathy Padgett appeals the grant of summary judgment to Frank and Viviana Mercado in her action based on South Carolina Code section 47–3–110 that imposes strict liability on

the owners of dogs that bite or otherwise attack a person without provocation.[1]  We affirm.

## FACTS

On May 6, 1994, Frank and Viviana Mercado called the animal control division of Charleston County and requested the removal of an adult Rottweiler they could not control. Kathy Padgett, an animal control officer, responded to the call and enticed the dog to the fence in an effort to place the noose of a control stick, five feet in length, around its neck.

Padgett testified, "[o]nce I knew I had control of him, I was able to open the fence to bring him out around to the backside of my truck."  Padgett then climbed onto the tailgate of her truck and lifted the dog into the back of the truck.  When she did so, she "heard and felt something in [her] shoulder pop." At all times during this maneuver, Padgett had control of the dog's neck so that it could not turn its head towards her and bite.

Padgett subsequently filed this action against the Mercados to recover for the injury to her shoulder.  Padgett alleged a violation of South Carolina Code section 47–3–110.  This section provides in pertinent part:

> Whenever any person is bitten or otherwise attacked by a dog while the person is in a public place or is lawfully in a private place, including the property of the owner of the dog or other person having the dog in his care or keeping, the owner of the dog or other person having the dog in his care or keeping is liable for the damages suffered by the person bitten or otherwise attacked.[2]

Padgett moved for summary judgment, arguing there was no genuine issue of material fact as to the Mercados' liability. The Mercados countered with their own motion for summary judgment, asserting there was no evidence from which liability could be inferred because Padgett testified she was not "bitten or otherwise attacked" as the statute requires.  The circuit

---

1.  S.C.Code Ann. § 47–3–110 (1987).

2.  *Id.*

court agreed with the Mercados and granted summary judgment in their favor.

## STANDARD OF REVIEW

In ruling on a summary judgment motion, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party.[3] Generally, if the pleadings and evidentiary matter in support of summary judgment do not establish the absence of a genuine issue of material fact, summary judgment must be denied, even if no opposing evidentiary matter is presented.[4]

## DISCUSSION

■ First, Padgett argues the statute is a strict liability statute. Although we agree, she must still prove that there was an attack. ·

The word "attack" implies the taking of initiative in a struggle.[5] Similarly, "to attack" has been defined as any hostile offensive action.[6]

Padgett's injury arose not from an attack but from her lifting a large, struggling dog onto her truck. Her injury does not, therefore, come within the purview of the statute.

In *Bailey v. Bly,*[7] a woman who stumbled over a sleeping dog argued a similar statute imposed absolute liability on dog owners for injuries resulting from contact with their dog.[8]

---

**3.** *Baird v. Charleston Co.,* 333 S.C. 519, 511 S.E.2d 69 (1999) (citations omitted).

**4.** *Id.*

**5.** Merriam Webster's Collegiate Dictionary 74 (10th ed.1993).

**6.** *See People ex rel. LaBorie v. Habes,* 52 Misc.2d 768, 277 N.Y.S.2d 70, 71 (1967).

**7.** 87 Ill.App.2d 259, 231 N.E.2d 8 (1967).

**8.** The statute at issue in *Bailey* stated in part: "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained." *Bailey,* 231 N.E.2d at 8.

The Illinois Court of Appeals found the woman was not attacked or injured by the dog. Similarly, we find the Mercados' dog did not "otherwise attack" Padgett as is required by the statute.

In contrast to the facts of this case, every case Padgett relies on involves a dog that initiated an attack.[9] These cases are, therefore, inapplicable to the facts of the case at bar.

Padgett secondly argues the facts of this case are in dispute. Padgett, however, conceded the dog never bit or touched her. She testified her shoulder injury resulted from her own efforts in attempting to lift a heavy dog by its neck from the end of the pole. Viewing the evidence and inferences which can be drawn therefrom in the light most favorable to Padgett, we find no evidence of factual dispute in this case.

Finally, Padgett argues the circuit court order incorrectly summarized and characterized the facts. Any argument alleging an inaccuracy or inconsistency in an order must be raised by a post-trial motion.[10] Padgett did not raise this issue in a post-trial motion; therefore, it is not preserved for review on appeal.

**AFFIRMED.**

CURETON, J., and MOREHEAD, Acting Judge, concur.

---

9. *See Elmore v. Ramos,* 327 S.C. 507, 489 S.E.2d 663 (Ct.App.1997) (holding that a victim could recover when she was pounced upon by a playful dog because the term "otherwise attack" did not require an evil intent); *Morris v. Weatherly,* 488 N.W.2d 508 (Minn.Ct.App.1992) (finding persons injured while evading dogs' pursuit could recover); *Machacado v. City of New York,* 80 Misc.2d 889, 365 N.Y.S.2d 974 (App.Div. 1975) (holding that a dog owner owed a duty to restrain a dog that charged an unsuspecting person causing her to fall and injure herself); *Williams v. Johnson,* 781 P.2d 922 (Wyo.1989) (providing a mailman who injured himself while attempting to avoid an attack by two dogs had failed to prove that the owner knew of the dogs' dangerous propensities and could, therefore, not recover).

10. *See Grant v. South Carolina Coastal Council,* 319 S.C. 348, 461 S.E.2d 388 (1995).