THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary Black Health System, LLC d/b/a Mary Black Memorial Hospital,
Respondent,
v.
Phillip Watterson, M.D., Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2007-UP-092
Heard September 14, 2006  Filed February 23, 2007

AFFIRMED

 
 
 
Matthew A. Henderson and Joshua M. Henderson, of Spartanburg, for Appellant.
Julie Jeffords Moose, of Florence, for Respondent.
 
 
 

PER CURIAM:  Philip Watterson appeals the circuit courts order granting summary judgment to Mary Black Health System, LLC, d/b/a Mary Black Memorial Hospital (Mary Black).  We affirm.  
FACTS
In November 1998, Watterson and Mary Black entered into a contract entitled Physician Relocation Agreement (Agreement) in which Watterson agreed to relocate to the Spartanburg, South Carolina area in order to practice medicine in the field of Obstetrics and Gynecology (OB-GYN).  In the agreement Mary Black specifically stated that [Watterson] was recruited by [Mary Black] to fulfill a community need relating to the shortage of physicians in [Wattersons] specialty in the community.    
Pursuant to the terms of the Agreement, Mary Black guaranteed that the cash collections for Wattersons practice would be no less than $30,000.00 per month (the Guarantee Amount) during his first year of practice (the Guarantee Period).  Mary Black was required to advance Watterson the Guarantee Amount for the initial month and continue advancing payments on or before the last day of each calendar month for one year.  The amount of each payment was to be reduced by the total cash collections for the immediately proceeding month.  Watterson was obligated to pay back the advanced money after that first year.  However, the agreement also provided that at the end of the Guarantee Period, Mary Black would forgive and cancel one twenty-fourth of all amounts owed by Watterson for each calendar month he remained in the full-time practice of medicine in the Spartanburg area beyond the Guarantee Period.  Thus, if Watterson were to maintain his practice in the Spartanburg area for two years after the end of the Guarantee Period, the debt would be forgiven.    
After moving to South Carolina, Watterson entered into practice with Dr. John Herbert in Spartanburg.  In the Guarantee Period, Watterson received $292,606.87 in cash collection guarantee payments from Mary Black and a loan intended to help him set up his practice.  During the same time period, Mary Black added five additional OB-GYNs to its list of physicians and began construction of a new building to be attached to Mary Black for the purpose of housing two groups of OB-GYNs.  Mary Black also purchased many of the family practice groups in the area from which Watterson had hoped to receive referrals.  Furthermore, Mary Black failed to list Wattersons practice in the telephone directory for 1998-99 allegedly causing Watterson to lose out on potential clients.  
Following the end of the first year of practice, Wattersons partner decided to move his practice to a less expensive space.  Watterson was diagnosed with prostate cancer soon thereafter and was forced to resign.  Watterson terminated his Spartanburg practice in October of 1999.  After recovery, Watterson, contacted Mary Black, but was told no employment opportunities existed.  Watterson then moved from the Spartanburg area.    
Mary Black brought this action alleging it was owed the sum of $279,633.70 plus interest and attorneys fees for the repayment of the cash collections guarantee and loan extended to Watterson.  Watterson filed his Answer and Set-Off/Counterclaim, alleging affirmative defenses of estoppel and waiver.  Mary Black filed its motion for summary judgment, which was decided without oral argument by order dated April 9, 2004.  The circuit court granted Mary Blacks motion for summary judgment and entered judgment against Watterson for $348,550.41.  Watterson made a motion to reconsider, which was subsequently denied.  This appeal followed.  
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the circuit court under Rule 56(c), SCRCP, which states that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. Helms Realty, Inc., 363 S.C. at 340, 611 S.E.2d at 488.   The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  Summary judgment should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ.  Ellis v. Davidson, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004).
LAW/ANALYSIS
I. Summary Judgment 
Watterson argues the circuit court erred in granting Mary Black summary judgment because its claims are barred by estoppel or waiver.  
Initially, Mary Black asserts Watterson has failed to preserve these issues for our review.  Mary Black contends that although Watterson pled the affirmative defenses of waiver and estoppel in his Answer, he failed to present such defenses to the circuit court and the circuit court did not rule on these issues.    
Watterson raised the issues of estoppel and waiver in his answer.  Thus, the issues were presented to the circuit court. While the circuit court did not specifically rule on these issues in its initial order, as Mary Blacks counsel acknowledged at oral argument, Watterson presented the issue of estoppel to the court in the Rule 59(e), SCRCP proceedings.  At the hearing for the Rule 59(e) motion, Watterson specifically argued the elements of estoppel and specifically mentioned estoppel giving Mary Black the opportunity to respond to the arguments.  We find the issue of estoppel is preserved for our review. See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (stating when an issue presented to the trial court is not explicitly ruled on in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appeal).
On the other hand, Watterson failed to preserve the issue of waiver.  Watterson failed to argue waiver in both the application and the hearing for his Rule 59(e) motion.  In addition, though he raises the issue of waiver in his appellate brief, he fails to make a meaningful argument concerning this issue.  An issue which is not argued in the brief is deemed abandoned and precludes consideration on appeal.  Fields v. Fields, 342 S.C. 182, 191 n.8, 536 S.E.2d 684, 689 n.8 (Ct. App. 2000) (stating that appellate court cannot reach issue where the appellant included issue in statement of issues on appeal but failed to argue issue in body of brief).  We find the issue of waiver is not properly before this court.  
On the merits, Watterson argues Mary Black should be estopped from collecting under the relocation agreement based on the representations they made at the time the agreement was signed. 
Estoppel arises when a party, relying upon what another has said or done, changes his position to his detriment.  Gibbs v. Kimbrell, 311 S.C. 261, 268, 428 S.E.2d 725, 729 (Ct. App. 1993).  A claim of
estoppel includes elements for the party asserting estoppel and the party estopped.  Provident Life & Accident Ins. Co. v. Driver, 317 S.C. 471, 477, 451 S.E.2d 924, 928 (Ct. App. 1994).
The essential elements of equitable estoppel as related to the party estopped are: (1) conduct amounting to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the real facts.  S. Dev. Land & Golf Co. v. S.C. Pub. Serv. Auth., 311 S.C. 29, 33, 426 S.E.2d 748, 750 (1993).  As related to the party claiming the
estoppel, they are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance on the conduct of the party estopped; and (3) a prejudicial change in position.  Id.
We find no evidence in the record to support the first element of equitable estoppel as to the party estopped.  Watterson asserts Mary Black represented to him, in the Agreement and otherwise, that the Spartanburg community was underserved in the area of OB-GYN, that there was a shortage of OB-GYN physicians and that there was a community need for Wattersons services.   The record simply contains no evidence that any of these representations were false.  In addition, Watterson complains Mary Black concealed from him that it would be adding five new OB-GYN physicians and adding a new facility for these physicians and others. Estoppel by silence arises where a person owing another a duty to speak refrains from doing so and thereby leads the other to believe in the existence of an erroneous state of facts.  S. Dev. Land & Golf Co., 311 S.C. at 33, 426 S.E.2d at 751.  The duty to speak may arise from:  (1) a preexisting fiduciary relationship; (2) where in the particular transaction in question one party expressly reposes a trust and confidence in the other or where from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; and (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties. Hedgepath v. American Tel. & Tel. Co., 348 S.C. 340, 361, 559 S.E.2d 327, 339 (Ct. App. 2001).         
We find no duty on the part of Mary Black to disclose this information to Watterson.  There was no fiduciary duty between the parties and the Agreement did not create one.  The Agreement did not contain any type of exclusivity clause.  Mary Black did not make any representations to Watterson that it would not hire additional physicians or that it would inform him if it did hire others.   
As Watterson failed to establish an essential element of equitable estoppel, we hold the trial court did not err in granting summary judgment to Mary Black.  
II.  Calculation of Payments 
Watterson contends the circuit court erred in calculating the payments due under the physician relocation agreement. As he failed to raise this inaccuracy in the calculation to the trial court in his Rule 59, SCRCP, motion, the issue is not preserved for our review.  Padgett v. Mercado, 341 S.C. 229, 233, 533 S.E.2d 339, 341 (Ct. App. 2000) (Any argument alleging an inaccuracy or inconsistency in an order must be raised by a post-trial motion.).   
CONCLUSION
For the reasons stated herein, the circuit courts decision is 
AFFIRMED. 
HEARN, CJ., and HUFF and STILWELL, JJ., concur.