**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jean Watkins, as Personal Representative of the Estate of Mildred Watkins, Respondent,

v.

Sterling Healthcare, Inc., Country Wood Nursing Center, LLC, and Guardian Resources, LLC, Appellants.

Appellate Case No. 2018-000924

———

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-324
Submitted May 3, 2021 – Filed September 8, 2021

———

**AFFIRMED**

———

Emily Kate Brobston Cappelmann, of Lewis Brisbois Bisgaard & Smith, LLP, of Savannah, GA, for Appellants.

Jennifer Randolph Purdy, of Popowski & Shirley, P.A., of Columbia, for Respondent.

———

**PER CURIAM:** Sterling Healthcare, Inc., Country Wood Nursing Center, LLC, and Guardian Resources, LLC (collectively, Appellants) appeal the trial court's

order striking Appellants' answers as a sanction for not complying with a discovery order involving Jean Watkins as the personal representative of the estate of Mildred Watkins (Respondent). We affirm.

Appellants argue the circuit court's order failed to make the requisite factual findings to support its ruling. In their reply brief, they state, "The crux of this appeal is not whether Respondent provided factual support for her arguments, nor whether the trial court had the opportunity to mull over those points." They continue, "Because even if this Court were to accept both as given, the issue persists: the trial court failed to set forth an adequate basis for the exercise of its discretion to strike Appellants' Answers." Appellants did not file a motion to alter or amend asking the trial court to address this alleged failure. Accordingly, we hold this issue is not preserved for appellate review. *See Jackson v. Speed*, 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997) (holding because the appellant failed to object either at the hearing or in their motion to alter or amend that the trial judge failed to make findings of fact concerning the specific costs expended, the issue is not preserved for appellate review); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Summer v. Carpenter*, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (stating that when a trial court did not explicitly rule on an issue in its order and appellant did not make a Rule 59, [South Carolina Rules of Civil Procedure (SCRCP)], motion for a ruling, the issue is not preserved for appellate review); *Padgett v. Mercado*, 341 S.C. 229, 233, 533 S.E.2d 339, 341 (Ct. App. 2000) (stating "[a]ny argument alleging an inaccuracy or inconsistency in an order must be raised by a post-trial motion"); *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 178, 463 S.E.2d 636, 638 (Ct. App. 1995) (holding an appellant's argument that the entry of default should be reversed because the trial court neglected to make specific findings of certain factors was not preserved for appellate review because the appellant failed to raise the issue to the trial court in a post-trial motion); *Buist v. Buist*, 410 S.C. 569, 577, 766 S.E.2d 381, 385 (2014) (stating argument that the family court did not adequately apply factors concerning award of attorney's fees was not preserved when husband's argument in Rule 59(e) motion was not sufficiently specific).

Appellants also argue the trial court failed to consider whether lesser sanctions could achieve justice. This issue is unpreserved because Appellants never raised this argument at the hearing; instead, Appellants only generally asserted sanctions should not be ordered, and they never filed a Rule 59(e), SCRCP, motion. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d

903, 907 (2007) (stating "it is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error"); *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.