**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Margie Evett, Appellant,

v.

Desmine Sartain, Respondent.

Appellate Case No. 2025-000703

———

Appeal From Greenville County
Patrick Cleburne Fant, III, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-280
Submitted May 1, 2026 – Filed June 10, 2026

———

**AFFIRMED**

———

Sheally Venus Poe, of Venus Poe, PA, of Fountain Inn,
for Appellant.

James P. Walsh and John David Solar, both of Clarkson,
Walsh & Coulter, P.A., of Greenville, for Respondent.

———

**PER CURIAM:** Margie Evett appeals the circuit court's order granting Desmine Sartain's motion for summary judgment as to Evett's causes of action for negligence, premises liability, and strict liability pursuant to section 47-3-110 of the South Carolina Code (2017). On appeal, Evett argues the circuit court erred in finding (1) Sartain was not strictly liable for her dog's actions pursuant to section

47-3-110, (2) Sartain's alleged negligence was not a jury question, and (3) Sartain did not owe Evett a duty under a simple negligence theory. We affirm pursuant to Rule 220(b), SCACR.

1. Viewing the evidence in the light most favorable to Evett, we hold the circuit court did not err in granting Sartain summary judgment regarding the issue of strict liability because there was not a genuine issue of material fact as to whether Evett's injuries were the result of a dog *attack*. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (stating an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the circuit court under Rule 56(c)" of the South Carolina Rules of Civil Procedure); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); § 47-3-110(A) ("If a person is bitten or *otherwise attacked* by a dog while the person is in a public place or is lawfully in a private place, including the property of the dog owner or person having the dog in the person's care or keeping, the dog owner or person having the dog in the person's care or keeping is liable for the damages suffered by the person bitten or otherwise attacked." (emphasis added)). Evett's injuries did not result from a dog *attack* such that section 47-3-110 would be applicable because Evett did not present any evidence Sartain's dog initiated a struggle or committed any hostile or offensive action towards her. *See Padgett v. Mercado*, 341 S.C. 229, 232, 533 S.E.2d 339, 340 (Ct. App. 2000) (holding the plaintiff was required to "prove that there was an attack" and that the word attack "implie[d] the taking of initiative in a struggle" or "any hostile offensive action"); *id.* at 233, 533 S.E.2d at 340 (highlighting the plaintiff admitted the dog never bit or touched her when reasoning plaintiff's injuries were not the result of an attack). Evett admitted Sartain's dog did not bite or make physical contact with her person. *See id.* at 232-33, 533 S.E.2d at 340-41 (affirming the circuit court's holding that the plaintiff's "injury arose not from [a dog] attack, but from her lifting a large, struggling dog onto her truck," which did not fall within the purview of section 47-3-110). Furthermore, Evett did not present any evidence Sartain's dog ran toward her aggressively and directly, nor that the dog directed any action toward her.

2.  We hold the circuit court did not err in granting Sartain summary judgment regarding Evett's premises liability claim because there was not a genuine issue of material fact as to whether there were any hidden or latent dangers in Sartain's residence.  *See Clegg*, 377 S.C. at 653, 661 S.E.2d at 796 (stating an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the circuit court under Rule 56(c)"); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton*, 377 S.C. at 197, 659 S.E.2d at 202 ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Sims v. Giles*, 343 S.C. 708, 718, 541 S.E.2d 857, 863 (Ct. App. 2001) ("The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge.").  Evett was familiar with the layout of Sartain's home and with Sartain's dog; furthermore, Evett asserted in her deposition she cared for Sartain's dog many times and knew the dog's propensity to damage blinds and bark at passersby.  In addition, we find the danger of walking a large dog down a flight of brick stairs is a danger that would be obvious to the reasonable invitee.  *See id.* at 719, 541 S.E.2d at 863 ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (quoting Restatement (Second) of Torts § 343(A) (1965))).

3.  We hold the circuit court did not err in granting Sartain summary judgment regarding Evett's general negligence claim because there was not a genuine issue of material fact as to whether Sartain owed Evett a general duty of care to train her dog, or to train her dog not to run down stairs while on a leash.  *See Clegg*, 377 S.C. at 653, 661 S.E.2d at 796 (stating an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the circuit court under Rule 56(c)"); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton*, 377 S.C. at 197, 659 S.E.2d at 202 ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Vinson v. Hartley*, 324 S.C. 389, 399, 477

S.E.2d 715, 720 (Ct. App. 1996) ("To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty.").  Furthermore, Evett did not present any evidence Sartain's dog had a propensity to run down the stairs, and did not present evidence Sartain knew or had reason to know of her dog having such propensity.  Evett testified she cared for the dog many times in the past, and had no knowledge of the dog ever bolting down stairs.  *See Giles v. Russell*, 255 S.C. 513, 515, 180 S.E.2d 201, 202 (1971) ("It is the rule in this [s]tate that domestic animals are not presumed to be dangerous to persons, and before recovery of damages may be had against the owner, the injured party must prove that the particular animal was of a dangerous, or vicious, nature, and that his dangerous propensity was either known, or should have been known to the owner.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.