**Myrtle Taber, Plaintiff-Appellant, v. John Defenbaugh, Defendant-Appellee.**

Gen. No. 10,039.

Third District.
February 23, 1956.
Released for publication March 12, 1956.

 

Kenneth A. Green, of Mattoon, for plaintiff-appellant.

Harry I. Hannah, of Mattoon, for defendant-appellee; Joseph P. Smith, Jr., of Mattoon, of counsel.

JUDGE CARROLL delivered the opinion of the court.

This action was brought under the provisions of Secs. 60 and 69, Chapter 48, Illinois Revised Statutes, 1953, commonly referred to as the Scaffold Act, by the widow of Thomas Taber to recover damages for the loss of his life.

The case was tried by the Court. At the close of plaintiff's case, defendant moved the Court to enter judgment finding the defendant not guilty. The Court allowed such motion and entered an appropriate judgment from which plaintiff has appealed.

██ The single question presented on this review is whether the evidence considered in the light most favorable to plaintiff is sufficient to support a finding in her favor.

The complaint in substance charged that the defendant was the owner of certain premises on which a dwelling house was being constructed; that defendant supervised such construction and gave all orders relative thereto; that a scaffold was used in the building of said dwelling; that the scaffold collapsed while decedent was working thereon; and that as the result thereof, decedent was thrown to the ground sustaining injuries resulting in his death.

170

The pertinent portions of the Scaffold Act are:

"That all scaffolds, stays, ladders or supports erected or constructed by any person, firm or corporation in this state for the use in the erection, repairing, alteration or painting of any house, building, or other structure, shall be erected and constructed in a safe, suitable, and proper manner, and shall be so erected and constructed, placed and operated so as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon . . . and any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing or alteration of any building or other structure within the provisions of this Act, shall comply with the terms thereof . . . and for any injury to person or property, occasioned by any wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby . . ."

This Statute requires compliance by an owner, contractor, sub-contractor, foreman or other person having charge of the building project. It is not disputed that defendant was the owner of the premises upon which the house was being constructed, nor that decedent was working on a scaffold at the time he fell. However, before the defendant can be held liable, proof must be made as to all essential elements. One of these elements is that it be shown that the defendant was actually in charge of construction of the building.

The briefs of the parties indicate agreement that the determinative issue herein is whether the plaintiff produced evidence tending to establish the status of the defendant as being one in charge of the construction of the building. This question must be answered from a consideration of the evidence.

Frank Dobbs, a son-in-law of the decedent, testified that he worked on the house two days helping lay floor and roof joists; that at that time decedent and a Mr. Reagin were also working on the building; that defendant said the lumber was culled out and to put good lumber on the roof; that defendant asked Dobbs if he would lay his hardwood floors for him; that defendant was working on the ceiling joists doing some hammering; that Dobbs worked on the house at the request of the decedent and received no pay therefor; and that he knew nothing about the relationship between the defendant and the decedent.

William A. Reagin testified that he worked four days on the defendant's house; that he was employed and paid by the decedent; that on one occasion he saw the defendant doing something in the attic; that defendant showed the witness where he wanted the doors and windows; that on one occasion defendant told decedent to check some expected material when it arrived to see if it was correct and in the right amount; and that on another occasion decedent told defendant about being short on 2x4's and defendant replied that he would order them.

This appears to be all of the evidence in the record pertaining to the relationship which existed between the decedent and the defendant. The plaintiff argues that this evidence clearly shows that compliance with the Statute was required of the defendant as the owner, foreman and person having charge of the dwelling house in question. It is further argued that the record clearly shows that no contractor or sub-contractor was involved in the building project.

There appears to be no room for dispute over the fact that plaintiff failed to establish by direct proof the contractual relationship existing between the plaintiff and the defendant. The record appears to be conspicuously silent so far as direct evidence is concerned, on the question as to whether the decedent

172

was employed by the defendant as a laborer or whether the relationship between he and the defendant was that of owner and contractor.

The evidence does show that on one occasion the defendant indicated the location of windows and doors; that he ordered lumber which the decedent requested; that he asked the decedent to check the delivery of lumber. In this situation, plaintiff must rely upon such circumstances bearing on the question as appear from the evidence.

On the other hand, Reagin was hired and paid by decedent and in the absence of proof to the contrary, must be regarded as having been an employee of the decedent and under his control. Dobbs helped in building the house at the request of decedent and donated his services to the decedent. The circumstances under which Dobbs and Reagin worked on the building would seem to be consistent with an assumption that decedent was an independent contractor building a house for defendant.

There is no general rule which can be followed in all cases in solving the question as to whether men working and contracting together are to be classified as employees or independent contractors. Each case must depend upon the facts as the same appear therein. No one feature of the relationship is determinative but all must be considered together. Nelson Bros. & Co. v. Industrial Commission, 330 Ill. 27. However, our Courts have held that the most important single factor entering into determination of the relationship between the parties is the right of the employer to control the manner of doing the work, though not the exercise of that right. As aptly stated by the Supreme Court in Immaculate Conception Church v. Industrial Commission, 395 Ill. 615, "It is not the fact of actual interference with the control but the right to interfere that makes the difference between an independent contractor and an employee. As a general rule, an inde-

pendent contractor is one who contracts to do a specified piece of work, furnishing his own assistance and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given him by the person for whom the work is done, without his being subject to the orders of the latter in respect to the details of the work." (Nelson Bros. & Co. v. Industrial Commission, 330 Ill. 27; Meredosia Levee & Drainage Dist. v. Industrial Commission, 285 Ill. 68.) In determining whether decedent was an employee or an independent contractor we are confined to the evidence bearing on such question. This evidence consists entirely of a showing with regard to the conduct of the defendant on a few isolated occasions to which we have previously referred.

When all of the circumstances shown are considered together there would appear to be no basis therein for the conclusion that the defendant retained the right to control the manner in which the decedent did the work of building defendant's house. The evidence upon which plaintiff relies as proof of an employer and employee relationship, taken in the aspect most favorable to her, fails to even show an actual interference by the defendant with decedent's control or supervision of the construction.

The construction of a house is a project involving many details including plans, specifications, materials, labor, and many other items. As to what right, if any, defendant had to exercise control over the construction project embracing these numerous details the plaintiff's evidence fails to show. We think any conclusion reached from the evidence that defendant assumed supervisory control over all the operations required in the construction of the house would amount to extending the meaning of the words "supervision" and "control" far beyond their accepted meaning.

■ It is the opinion of this Court that the decedent was not an employee but an independent contrac-

174

tor, and, therefore, plaintiff is not entitled to recover under the Scaffold Act.

A considerable portion of plaintiff's proof is devoted to argument concerning the construction of the Statute in question and the applicability thereunder of the doctrine of res ipsa loquitur to the facts herein. In view of the conclusion reached, consideration of these other points argued is not required.

For the reasons herein indicated, the judgment of the Circuit Court of Coles County is affirmed.

Affirmed.