**NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Mary E. CARRICATO, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

As Modified on Denial of Rehearing May 9, 1969.

William Lehnig, Duncan & Lehnig, Louisville, for appellant.

William Kiel, Louisville, for appellee.

DAVIS, Commissioner.

A motor-vehicle accident which occurred in 1958 sparked long and tortuous litigation of which another phase is presented in this appeal. See Carricato v. Carricato, Ky., 384 S.W.2d 85, which disposed of an earlier appeal arising out of the same accident. The persons primarily involved in our discussion here are Frank Carricato, his wife Mary Carricato, the appellee, and their daughter Mildred Carricato, who was the driver of an automobile involved in the accident. To avoid confusion, we shall refer to these persons by their Christian names.

When our decision in Carricato v. Carricato, Ky., 384 S.W.2d 85, was announced, the present appellant, liability insurance carrier for Frank, notified Mildred that she was not covered by its policy and that no further defense of Mary's claim against her would be afforded by the company. Mildred took no action upon receipt of the company's letter. About six months later Mary obtained a default judgment for $10,000 against Mildred. When the judgment remained unpaid, Mary filed the present suit against National Union Fire Insurance Company seeking to recover the entire $10,000. (The policy was $5,000 for one person; Mary asserted entitlement to the other $5,000 based on her claim that the company had acted in bad faith when it withdrew from the defense of Mary's suit against Mildred.) The trial court entered summary judgment in favor of Mildred for $5,000 but declined to award her the other $5,000 which she sought.

The insurance company contends that it has no liability in light of our rulings in Carricato v. Carricato, Ky., 384 S.W.2d 85. In the first appeal we held that Mildred was emancipated at the time of the accident and had such incidents of ownership in the car as to make inapplicable the family purpose doctrine. Although the insurance policy specifically listed the 1955 Plymouth Mildred was driving as a covered automobile, the company reasons that

since we held Mildred had beneficial ownership of the car then Frank could not have owned it too; thus there could be no coverage under the policy. Of course, the insurance company was not an actual litigant in the first appeal, and the question of insurance coverage was neither presented nor decided upon the first appeal. Neither is the present question one that could have been litigated in the first appeal, since a policy provision precluded suit against the company at that stage of the case.

By the terms of the policy, the 1955 Plymouth car which Mildred was driving when the accident happened was listed as an "owned automobile" of Frank. In describing the "Persons Insured," the policy provided in part:

"(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household, * * *."

Definitions contained in the policy include:

" 'named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household; * * *.

'relative' means a relative of the named insured who is a resident of the same household; * * *."

Frank was the person designated as the named insured in Item 1 of the policy. The bill of sale and license for the car were in Frank's name. Cf. Tharp v. Security Insurance Company of New Haven, Ky., 405 S.W.2d 760.

█ Although our opinion on the original appeal specifically held that Mildred was emancipated and stated that she was the actual owner of the automobile, so far as the family purpose doctrine was involved, it did not purport to hold that the legal title of the automobile was not vested in Frank, nor did it make any adjudication that the automobile was not an "owned au-

tomobile" under Frank's policy. It is noteworthy that the policy does not exclude emancipated persons from the category of "relative." It only requires that the relative be a member of the household of the named insured. Mildred was a member of Frank's household; Frank was the named insured who had the legal title to the automobile. The very terms of the policy afford coverage to Mildred in the circumstances at bar, unless it is deemed that Mildred's beneficial ownership, as respects the family purpose doctrine, is so all-encompassing as to destroy Frank's admitted legal title to the car and disqualify him as a "named insured" under the policy. We do not consider that the holding on the original appeal had such a drastic effect. We regard the insurance contract as remaining in effect according to its terms, so we need not look for estoppel or waiver as a predicate for liability under the policy. We hold that the trial court properly awarded summary judgment to Mary for $5,000.

As to the cross-appeal seeking reversal of so much of the judgment as denied Mary's claim for $5,000 in excess of the policy limits, we conclude that the record completely fails to demonstrate any bad faith on the part of the company. Neither does the record suggest that any opportunity to settle within the policy limits was ever made available to the company, nor is there any showing or allegation that the judgment awarded to Mary was excessive. It will be noted that we remanded the case to be tried on Mary's claim against Mildred as to the issue of damages only. In the absence of any allegation that Mary's damages were excessive, we find no basis for entertaining the cross-appeal. The procedural objections to the cross-appeal were passed to the merits and are not considered in view of the fact that we are holding that no recovery may be had upon the cross-appeal.

The judgment is affirmed on the original appeal and cross-appeal.

All concur.