UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellant, v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Defendant and Counterplaintiff and Counterdefendant-Cross-Appellee (Victoria Cookson, Defendant and Counterdefendant and Counterplaintiff-Appellee; Martina Mertens, Defendant and Counterdefendant-Appellee and Cross-Appellant).

Fifth District   No. 83—202

Opinion filed October 17, 1984.—Rehearing denied November 14, 1984.

Burton C. Bernard and Mark M. Silverintz, both of Bernard and Davidson, of Granite City, for appellant.

C. E. Heiligenstein and Brad L. Badgley, both of Belleville, for appellee Martina Mertens.

Robert D. Francis, of Dunham, Boman & Leskera, of East St. Louis, for appellee State Farm Mutual Automobile Insurance Company.

JUSTICE KASSERMAN delivered the opinion of the court:

Universal Underwriters Insurance Company (Universal). filed a declaratory judgment action against State Farm Automobile Insurance Company (State Farm), Victoria Cookson, and Martina Mertens, in which it sought to determine whether a certain insurance policy which it issued covered Victoria Cookson and Martina Mertens. State Farm filed a counterclaim against Universal and Victoria Cookson and Martina Mertens, alleging that Victoria Cookson and Martina Mertens were excluded from coverage under an insurance policy which State Farm had issued to Allen Cookson and Jewell Cookson, Victoria's parents. Victoria Cookson subsequently filed a complaint seeking insurance payments from both Universal and State Farm.

The issues presented for review concern the interpretation to be given several provisions of insurance policies issued by Universal and State Farm.

The basic facts giving rise to this dispute are as follows: Wayne E. Mertens and his wife Marsha, in the capacity of Belleville Honda, purchased automobile insurance from Universal. Subsequently, the Mertens requested that their daughter, Martina, drive a pickup truck used by Belleville Honda to Chicago to obtain some motorcycles for the business. Martina asked for and was given permission to permit Victoria Cookson to travel with her on this trip. Victoria had been staying with the Mertens for approximately two months following the death of her boyfriend, the Mertens' son Chris, who had died as the result of an automobile collision. On September 13, 1978, while Victo-

ria Cookson was driving the pickup truck to Chicago, she and Martina Mertens were involved in a one-vehicle collision which resulted in personal injuries to both of the girls. Universal paid the collision claim on the pickup truck, but both Universal and State Farm denied that their insurance policies gave rise to a duty to defend or indemnify Victoria Cookson against claims or judgments arising out of such collision or to make any medical payments under either of their policies.

The relevant portions of the Universal policy stated:

"UNICOVER COVERAGE PART NO. 010
OWNED AUTOMOBILES - DEALERS PHYSICAL DAMAGE

\* \* \*

I. The Company will pay for LOSS to COVERED AUTOMOBILES \*\*\* caused by COLLISIONS or upset.

\* \* \*

UNICOVER COVERAGE PART NO. 400
GARAGE INSURANCE

\* \* \*

II. GARAGE LIABILITY

\* \* \*

EXCLUSIONS

This insurance does not apply, under the Garage Liability Coverages:

\* \* \*

(c) to any obligation for which the INSURED or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; (d) to BODILY INJURY to any employee of the INSURED arising out of and in the course of his employment by the INSURED; \*\*\*.

\* \* \*

IV. PERSONS INSURED

Each of the following is an INSURED under this insurance to the extent set forth below:

Under the GARAGE BODILY INJURY and PROPERTY DAMAGE LIABILITY Coverages:

(3) with respect to the AUTOMOBILE HAZARD;

(a) any partner, or paid employee or director or stockholder thereof or a member of the household of the NAMED INSURED or such partner or paid employee or director or stockholder while using an AUTOMOBILE covered by this Coverage Part or when legally responsible for the use

thereof, provided the actual use of the AUTOMOBILE is by the NAMED INSURED or with his permission, ***."

After hearing the evidence, the trial court ruled that the Universal policy covered the collision in the instant case and that, consequently, State Farm had no liability. The court concluded: (1) that at the time of the collision, Victoria Cookson was a member of the household of Mr. and Mrs. Mertens and therefore was covered by Universal's policy, requiring Universal to defend and indemnify Victoria under such policy; (2) that Martina Mertens was not acting as an employee of Belleville Honda when the collision occurred but rather was running an errand outside the scope of any employment, which did not preclude her recovery on Universal's policy; and (3) that Victoria Cookson was not covered by the insurance policy issued to her parents, Allen and Jewell Cookson, by State Farm, which covered relatives living with them.

■ The first issue presented on appeal is whether Universal's payment pursuant to "UNICOVER COVERAGE NO. 010," the portion of its policy relating to physical damage of the insured's automobile, constitutes a waiver by Universal of its contention that Victoria Cookson was not an insured covered by its policy. It is urged that because Universal paid the Mertens for the damage to their pickup truck under its policy, it has waived the right to contest Victoria Cookson's status as a member of the household of the insured. We reject this argument. The fact that Universal made payment for the physical damage to the Mertens' pickup truck under separate coverage does not waive the argument that Victoria Cookson was not covered by the personal injury portion of the policy. See *Western Casualty & Surety Co. v. Walker* (1980), 84 Ill. App. 3d 129, 404 N.E.2d 1119, 1121.

■ Universal also contends that the trial court erred by finding that Victoria Cookson was a "member of the household of the named insured" under section IV(3)(a) of "UNICOVER COVERAGE PART NO. 400" of its insurance policy. Universal urges that the trial court's finding was against the manifest weight of the evidence. We disagree and find that the trial court's determination that Victoria Cookson was a "member of the household" of the Mertens family was supported by the evidence.

The word "household" is commonly defined as "those who dwell under the same roof and compose a family: a domestic establishment." (Webster's Third New International Dictionary 1096 (1971).) Courts that have considered the meaning of the term "household" in automobile contracts have concluded that a household includes all

those who dwell together as a family under the same roof. *E.g., All-state Insuance Co. v. Neumann* (1982) ___ Ind. App. ___, ___, 435 N.E.2d 591, 593-94; *Van Overbeke v. State Farm Mutual Automobile Insurance Co.* (1975), 303 Minn. 387, 392, 227 N.W.2d 807, 810; *Andrews v. Commercial Casualty Insurance Co.* (1935), 128 Neb. 496, 500, 259 N.W. 653, 655.

■ In the instant case the evidence warrants the conclusion that Victoria Cookson was a member of the Mertens household at the time of the collision giving rise to this litigation. Victoria Cookson was living with the Mertens for an indefinite period of time and was generally treated by the Mertens as a member of the family. Victoria Cookson enjoyed a very close relationship with the Mertens' son Chris and moved in with the Mertens, apparently to be close to the family, after Chris' tragic death as the result of an automobile collision. Indeed, Martina Mertens testified that she thought of Victoria Cookson as a sister. There was obviously a close relationship between Victoria Cookson and the Mertens family, and the evidence is undisputed that Victoria Cookson dwelled with the Mertens under the same roof with no intention of living elsewhere. We determine that the trial court's decision that Victoria Cookson was a member of the Mertens household was not against the manifest weight of the evidence.

Universal's reliance on *Country Mutual Insurance Co. v. Mooney* (1978), 59 Ill. App. 3d 946, 376 N.E.2d 439, is misplaced. In *Mooney* the court was concerned with determining whether a certain party was a "relative," which was defined as a "resident of the Named Insured's household ***" in the automobile insurance policy involved in that case. (59 Ill. App. 3d 946, 947, 376 N.E.2d 439, 440.) The language in the automobile insurance contract construed in *Mooney* renders that case distinguishable from the case at bar. Here, the operative language in the automobile insurance policy was "member of the household" and, as we have already indicated, we find nothing erroneous in the trial court's application of such terminology to the facts in this case.

Universal also maintains that the trial court's finding that Martina Mertens was not an employee of her parents' business was erroneous. It is Universal's contention that Martina Mertens was an employee of Belleville Honda at the time of the automobile collision and that section II(c) or (d) of "UNICOVER COVERAGE PART NO. 400," the employee exclusion provision of its policy, is applicable to the instant case. Again we do not agree.

■ This court has addressed the issue of whether a party is an "employee" when the term is used in an insurance contract and has

determined that the question is one of fact and that the trial court's decision will not be disturbed unless it is against the manifest weight of the evidence. (See *General Accident Fire & Life Assurance Corp. v. Professional Golfers Association of America* (1976), 40 Ill. App. 3d 592, 595, 352 N.E.2d 441, 443.) We conclude that the facts before us do not warrant a reversal of the trial court's determination.

Universal relies upon the workers' compensation case of *Byrne v. Stern* (1981), 103 Ill. App. 3d 601, 431 N.E.2d 1073, which held that the performance of work by a person for another is *prima facie* evidence of employment and, in the absence of contrary evidence, supports a presumption that the person performing the service is a servant.

However, a contrary result would be obtained if the rationale of other types of cases were considered. For example, under the Scaffolding Act, in determining whether a worker is an employee, it has been held that no one factor is determinative, but the single most important factor is the right of the alleged employer to control the manner of doing the work, though not the exercise of that right. (*Cf. Taber v. Defenbaugh* (1956), 9 Ill. App. 2d 169, 173, 132 N.E.2d 454, 456.) Other factors include the right to discharge and the furnishing of materials, equipment or tools. (*State Farm Mutual Automobile Insurance Co. v. Staff* (1975), 26 Ill. App. 3d 217, 221, 325 N.E.2d 1, 4.) Also to be considered regarding whether an employer-employee relationship exists is regularity or continuity (not length) of service and whether the service is performed for financial consideration. *Daub v. Maryland Casualty Co.* (Mo. App. 1941), 148 S.W.2d 58, 60, *cert. quashed* (1942), 349 Mo. 1142, 164 S.W.2d 274.

■ The evidence in the case at bar establishes that Mr. Mertens asked his daughter, Martina, to pick up some motorcycles for Belleville Honda in Chicago. Martina was not to be paid for this trip but was to be reimbursed for the expenses incurred by her on the trip. Martina was not on Belleville Honda's payroll, and there was no withholding of income or social security taxes when she was paid by her parents for occasional work relating to the motorcycle business. It is true, as Universal points out, that Martina previously had been paid by her parents for making inventory cards for Belleville Honda. However, we are of the opinion that the evidence refutes the existence of an employer-employee relationship and would seem to suggest that Martina would have been paid a salary for the Chicago trip if she were in fact an employee of Belleville Honda.

For these reasons, we conclude that the evidence adduced at trial supports the trial court's determination that Martina was not serving

as an employee when the collision occurred and that her trip to Chicago was in response "to the request of her father, as a member of the immediate family, to run an errand."

■ Finally, coverage under State Farm's policy issued to Allen Cookson and Jewell Cookson, Victoria Cookson's parents, for the operation of vehicles which they did not own was limited, *inter alia*, to relatives who "live with" the insureds. We conclude that Victoria did not live with her parents within the terms of such policy. Therefore, it necessarily follows that State Farm owed no duty to defend or indemnify her for suits arising out of the collision which is the basis of the instant appeal.

Because of our conclusion that the judgment of the trial court should not be reversed, we need not consider a number of alternative arguments raised by the parties on appeal. ·

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.