THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Faith Davenport Wood, a/k/a Faith Davenport, Appellant,
 v.
 Gloria Goddard,
 as Personal Representative of the Estate of Dewey L. Robertson, Sr., Respondent,
 v.
 The United States of America acting through its agent, The Internal Revenue Service,
 Third-Party Defendant.
 
 
 

Appeal From Saluda County
Kathy Rushton, Special Referee
Unpublished Opinion No.  2009-UP-208
Submitted April 1, 2009  Filed May 18,
 2009
AFFIRMED

 
 
 
 Orin Gail Briggs, of Lexington, for Appellant.
 Demetri K. Koutrakos, of Columbia, for Respondent.
 
 
 

PER CURIAM: Faith
 Davenport Wood appeals the circuit courts determination that she was not
 entitled to amend her complaint following the district courts remand of Dewey
 L. Robertsons counterclaim for ejectment and the special referees order directing
 the Saluda County Sheriff to eject any occupants from the subject property as
 well as awarding damages to Robertson.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1. 
 As to whether: (1) the circuit court erred in failing to properly interpret and
 apply Rule 54, FRCP; (2) the circuit court erred in failing to address issues
 not precluded by the doctrine of res judicata; and (3) this court should apply
 the holding in Jones v. Flowers, 547 U.S. 220 (2006): Staubes v. City
 of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding in
 order for an issue to be preserved for appellate review it must be raised and
 ruled upon by the circuit court).
2. 
 As to whether the circuit court erred in denying Woods motion to amend her
 complaint:  USAA Prop. & Cas. Ins. Co. v. Clegg, 377 S.C. 643, 660,
 661 S.E.2d 791, 800 (2008) (explaining an issue must
 be raised and ruled upon in the circuit court in order to be preserved for
 appellate review); Crawford v. Henderson, 356 S.C. 389, 409, 589 S.E.2d
 204, 215 (Ct. App. 2003) (stating a party can not argue one ground at trial and
 then an alternative ground on appeal).  
3. 
 As to whether the special referee erred in determining Robertson was entitled
 to eject occupants from the subject property: S.C. Code  Ann. § 15-67-610
 (2005) (explaining a person who possesses land without the consent of the owner
 is liable for trespass and the owner may request a court to eject the
 trespasser); S.C. Code Ann. § 27-40-210(6) & (15) (2007) (defining landlord
 as the owner, lessor, or sublessor of the premises and a tenant as a person
 entitled under a rental agreement to occupy a dwelling unit to the exclusion of
 others[.]).
4.  As to whether the special referee erred in determining Wood was
 liable for the fair market value for rent on the subject property throughout
 the litigation: In re Care and
 Treatment of McCracken, 346 S.C. 87,
 92, 551 S.E.2d 235, 238 (2001) (A bald assertion, without supporting argument,
 does not preserve an issue for appeal.).
 
 AFFIRMED.
HEARN,
 C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.