**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Farm Bureau Mutual Insurance Company, Respondent,

v.

Michael David Harrelson, Devora Harrelson, Kevin Duke, and Government Employees Insurance Company, Defendants,

of whom Michael David Harrelson and Devora Harrelson are the Appellants,

and

Government Employees Insurance Company is the Respondent.

Appellate Case No. 2017-000745

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2018-UP-287
Submitted June 1, 2018 – Filed June 27, 2018

**AFFIRMED**

Gene McCain Connell, Jr., of Kelaher Connell &
Connor, PC, of Surfside Beach, for Appellants.

John Dwight Hudson, of Hudson Law Offices, of Myrtle
Beach, for Respondent South Carolina Farm Bureau
Mutual Insurance Company,

John Elliott Rogers, II, and Ginger D. Goforth, both of
The Ward Law Firm, PA, of Spartanburg, for Respondent
Government Employees Insurance Company.

---

**PER CURIAM:** Michael and Devora Harrelson appeal two circuit court orders granting summary judgment to Government Employees Insurance Company (GEICO) and South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). On appeal, the Harrelsons argue the circuit court erred in granting summary judgment (1) to GEICO in contravention of the Motor Vehicle Financial Responsibility Act (the Act)[1] and (2) to GEICO and Farm Bureau in violation of section 38-77-140 of the South Carolina Code (2015). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to GEICO's liability under the Act: *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the [circuit] court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); *S.C. Farm Bureau Mut. Ins. Co. v. Mumford*, 299 S.C. 14, 17-18, 382 S.E.2d 11, 13 (Ct. App. 1989) (holding the Act "draws no distinction between intentional acts and negligent acts of the insured" and mandates coverage for all liability imposed by law under section 38-77-140 of the South Carolina Code (2015)); S.C. Code Ann. § 38-77-140(A) (2015) ("An automobile insurance policy may not be issued or delivered in this [s]tate . . . , unless it contains a provision insuring the persons defined as insured against loss

---

[1] S.C. Code Ann. §§ 56-9-10 to -630 (2017).

from the liability imposed by law for damages *arising out of the ownership, maintenance, or use* of [the] motor [vehicle] . . . ." (emphasis added)).

2.  As to GEICO and Farm Bureau's liability under section 38-77-140(A): *Clegg*, 377 S.C. at 653, 661 S.E.2d at 796 ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the [circuit] court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); *Peagler v. USAA Ins. Co.*, 368 S.C. 153, 159-60, 628 S.E.2d 475, 478 (2006) (providing an injury arises out of the ownership, maintenance, or use of a motor vehicle if "(1) a causal connection exists between the vehicle and the injury, (2) no act of independent significance breaks the causal link between the vehicle and the injury, and (3) the vehicle was being used for transportation purposes at the time of the injury"); *State Farm Mut. Auto. Ins. Co. v. Bookert*, 337 S.C. 291, 293, 523 S.E.2d 181, 182 (1999) (providing a causal connection exists if (1) the vehicle was an "active accessory" to the incident; (2) the vehicle was "something less than proximate cause but more than the mere site of the injury"; and (3) the injury was "foreseeably identifiable with the normal use" of the vehicle).

**AFFIRMED.**[2]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.