**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond A. Wedlake, as a Member of Woodington Homeowners' Association, Inc., Appellant,

v.

Scott Bashor, William Craigo, Christopher Edwards, Denis Esteve and Charles Koshis in their capacity as Members of the current Board of Directors of Woodington Homeowners' Association, Inc., and Doe Entities 1-10, and John & Jane Does 1-10, Respondents.

Appellate Case No. 2020-000506

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2022-UP-183
Submitted April 14, 2022 – Filed April 27, 2022

**AFFIRMED**

Raymond A. Wedlake, of Greenville, pro se.

James P. Walsh, of Clarkson, Walsh & Coulter, P.A., of Greenville, for Respondents.

**PER CURIAM:**  Raymond A. Wedlake appeals the circuit court's grant of summary judgment in Respondents' favor.  On appeal, Wedlake argues (1) the circuit court erred in finding there was no genuine issue of material fact and granting summary judgment, (2) "The Order Quotes By-Laws But Does Not Mention The 'Covenants,' That Control When By-Laws Are In Conflict, Which Is An Error Of Law," (3) "Though The Order Quotes By-Laws, The Failure Of The Order To Address And To Properly Cite 'The South Carolina Nonprofit Corporation Act of 1994' (NPCA), As To Votes And Vote Counting, Constitutes A Reversible Error Of Law," (4) the circuit court erred in denying Wedlake due process and equal protection of the laws, and (5) the circuit court erred in accepting false claims without evidentiary support, "many of which appear in the Order in violation of the Judge's direction as stated in the Transcript."  We affirm.

1.  Because Wedlake failed to establish any genuine issue of material fact to support his allegations that Respondents breached their fiduciary duty, we hold the circuit court did not err by granting Respondents' motion for summary judgment. *See USAA Prop. & Cas. Ins. Co.*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 335-36, 732 S.E.2d 166, 173 (2012) ("To establish a claim for breach of fiduciary duty, the plaintiff must prove (1) the existence of a fiduciary duty, (2) a breach of that duty owed to the plaintiff by the defendant, and (3) damages proximately resulting from the wrongful conduct of the defendant.").

2.  We hold Wedlake's remaining issues are not preserved for appellate review because they were not ruled on by the circuit court nor raised in a Rule 59(e), SCRCP, motion.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.